IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:10cr186-MHT |
| MILTON E. McGREGOR, | ) | (WO) |
| THOMAS E. COKER, | ) | |
| ROBERT B. GEDDIE, JR., | ) | |
| LARRY P. MEANS, | ) | |
| JAMES E. PREUITT, | ) | |
| QUINTON T. ROSS, JR., | ) | |
| HARRI ANNE H. SMITH, | ) | |
| JARRELL W. WALKER, JR., | ) | |
| and JOSEPH R. CROSBY. | ) | |

## ORDER

Based on the representations made in open court on May 3, 2011, and to the extent defendant Larry P. Means makes a challenge to charges brought against him under the Hobbs Act, it is ORDERED that (1) defendant Larry P. Means's objections (Doc. No. 939) to the United States Magistrate Judge's recommendations (Doc.

Nos. 862 and 863) are overruled and (2) his motion to dismiss (Doc. No. 474) is denied.

The court finds that the indictment adequately alleges a violation of the Hobbs Act, according to the standards announced by the Supreme Court in <u>McCormick v. United States</u>, 500 U.S. 257, 273 (1991), and <u>Evans v. United States</u>, 504 U.S. 255 (1992).

In addition, the court finds that, while Means stated in his motion to dismiss that counts one, six and seven of the indictment "fail to allege there was a specific quid pro quo arrangement," Mot. ¶ 6 (Doc. No. 474), he provided no argument in his brief that shows the inadequacy of the indictment. Therefore, to address Means's arguments, absent oral argument, the court would have to make them up for him.

While it appears that the magistrate judge did not address Means's motion in his recommendation regarding the Hobbs Act as to defendant Quinton T. Ross, Jr. (Doc. No. 864), the court has considered the motion

independently in determining that it is due to be denied.

DONE, this the 3rd day of May, 2011.

                                  /s/ Myron H. Thompson  
                                  UNITED STATES DISTRICT JUDGE