IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:10cr186-MHT |
| MILTON E. McGREGOR, | ) | (WO) |
| THOMAS E. COKER, | ) | |
| ROBERT B. GEDDIE, JR., | ) | |
| LARRY P. MEANS, | ) | |
| JAMES E. PREUITT, | ) | |
| QUINTON T. ROSS, JR., | ) | |
| HARRI ANNE H. SMITH, | ) | |
| JARRELL W. WALKER, JR., | ) | |
| and JOSEPH R. CROSBY. | ) | |

## ORDER

Upon consideration of the United States Magistrate Judge's recommendation regarding the motions to suppress the wiretap recordings (Doc. No. 865) and the objections filed by defendants Milton E. McGregor, Thomas E. Coker, Robert B. Geddie, Jr., Larry P. Means, James E. Preuitt, Quinton T. Ross, Jr., Jarrell W. Walker, Jr., and Joseph R. Crosby (Doc. Nos. 927, 930, 933, 934, 937, 938, 946, and 947); after an independent and de novo review of the record, including the transcripts of the hearings before

the magistrate judge; with the court assuming[1] that the government bears the full and ultimate burden of proof to show, by a preponderance of the evidence, reasonable compliance with the minimization requirement, and not merely an initial prima-facie case of compliance;[2] with the court being of the opinion, and so finding factually, on the current record that the government has met the requirements for admissibility of the wiretaps at issue, including showing reasonable compliance with the minimization requirement as well as showing such compliance both in procedure and actual practice; and, finally, with the understanding that an opinion will follow giving the reasons behind this order, it is the ORDER, JUDGMENT, and DECREE of the court that:

---

1. The court emphasizes that this is just an 'assumption' for purposes of the matter now before the court; the court is not holding that the government bears this burden as a matter of law.

2. Therefore, the issues of what constitutes a prima-facie case and whether the government has met this initial burden are pretermitted on the current record.

(1) The objections (Doc. Nos. 927, 930, 933, 934, 937, 938, 946, and 947), filed by defendants Milton E. McGregor, Thomas E. Coker, Robert B. Geddie, Jr., Larry P. Means, James E. Preuitt, Quinton T. Ross, Jr., Jarrell W. Walker, Jr., and Joseph R. Crosby, are overruled.

(2) The recommendation of the United States Magistrate Judge (Doc. No. 865) is adopted, albeit with somewhat different reasoning to be set out in the forthcoming opinion of the court.

(3) The motions to suppress the wiretap recordings (Doc. Nos. 553, 556, 560, 564, 572, 573, 586, and 588), filed by defendants Milton E. McGregor, Thomas E. Coker, Robert B. Geddie, Jr., Larry P. Means, James E. Preuitt, Quinton T. Ross, Jr., Jarrell W. Walker, Jr., and Joseph R. Crosby, are denied without prejudice and with leave to renew, within seven days after the return of the jury's verdict at trial, limited

to a response to the government's submission on the duration of minimization with respect to calls minimized (Doc. No. 1082). If the motions are not renewed, the court will issue an opinion based on the current record. If the motions are renewed, the court will consider the matter anew and issue an order and opinion based on the current record and any additional evidence submitted by the parties in connection with the defendants' response to the government's submission on the duration of minimization with respect to calls minimized (Doc. No. 1082).

DONE, this the 18th day of May, 2011.

    /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**