IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:10cr186-MHT |
| MILTON E. McGREGOR, | ) | (WO) |
| THOMAS E. COKER, | ) | |
| ROBERT B. GEDDIE, JR., | ) | |
| LARRY P. MEANS, | ) | |
| JAMES E. PREUITT, | ) | |
| QUINTON T. ROSS, JR., | ) | |
| HARRI ANNE H. SMITH, | ) | |
| JARRELL W. WALKER, JR., | ) | |
| and JOSEPH R. CROSBY | ) | |

## OPINION AND ORDER

In this litigation involving, among other things, charges of bribery of state legislative officials, defendants Milton E. McGregor, Thomas E. Coker, Robert B. Geddie, Jr., Larry P. Means, James E. Preuitt, Quinton T. Ross, Jr., Jarrell W. Walker, Jr., and Joseph R. Crosby object[1] to an order by the magistrate

---

1. The ninth defendant, Harri Anne H. Smith, did not object.

judge refusing to strike the testimony of government agents at suppression hearings.[2]

For the reasons set forth below, the court will overrule the defendants' objections and affirm the magistrate judge's order.

I. BACKGROUND

A brief partial chronology of the case is warranted.

---

2. Magistrate judge order (doc. no. 859). McGregor, Coker, and Crosby filed specific objections to the magistrate judge's order. Objections (doc. nos. 933, 941, 947). McGregor's objection appears within the same filing as his objection to the magistrate judge's recommendation that the court deny his motion to suppress the Title III recordings. McGregor objection at 94-97 (doc. no. 933). In their own objections to the magistrate judge's recommendation with respect to their motions to suppress, Geddie, Means, Preuitt, Ross, and Walker elected to incorporate all of McGregor's arguments as to this issue. Objections (doc. nos. 930, 934, 937, 938, 946). Accordingly, the court finds that these five defendants have also incorporated McGregor's objection to the magistrate judge's order refusing to strike the government agents' testimony, with the result that they have also, in effect, filed objections to the magistrate judge's order.

February 28 - March 2, 2011: The magistrate judge held a suppression hearing, in which three government agents testified.

March 10: The government produced to the defendants an <u>additional</u> statement by government agent Douglas Carr. This statement related to testimony that Carr had provided at the suppression hearing.

March 14 and 18: On March 14, McGregor filed a motion urging the court to strike Carr's testimony because the government had produced Carr's additional statement late. McGregor argued that, by failing to disclose this statement at or before the suppression hearing, the government had failed to comply with Federal Rule of Criminal Procedure 26.2. On March 18, Preuitt filed a similar motion.

March 17 - 23: The government produced additional statements to the defendants relating to agents' testimony at the suppression hearings. Some of these

3

documents were produced to the defendants following an in camera review by the magistrate judge.

March 24: Because the government had produced relevant statements after the suppression hearing, the magistrate judge held an additional hearing and allowed the defendants to re-question Carr in order to cure any possible harm due to the late production.

March 24 - April 1: On March 24, McGregor filed another motion challenging the government's late production of additional statements between March 17 and 23; he again asked the magistrate judge to strike Carr's testimony as well as that of another agent. Between March 24 and April 1, Crosby, Preuitt, Ross, Means, Walker, Coker, and Geddie filed motions incorporating the arguments that McGregor presented in his motion.

March 31: Following the government's production of additional statements to the defendants on March 30, McGregor filed a third motion concerning the late

production.  He requested that the court strike the testimony of the agents who testified at the suppression hearing; require the government to conduct a new search for discoverable materials and certify the results with the court; and consider other punitive sanctions.  Also, Crosby filed a motion incorporating McGregor's arguments.

April 1: The magistrate judge held another hearing and heard arguments from the defendants regarding any prejudice that they suffered as a result of the continued late production.  At the hearing, the magistrate judge informed the parties that he would consider imposing additional sanctions upon opposing counsel.  The magistrate judge then granted the defendants' motions to the extent that he ordered the government to undertake a search and certify the results.

April 4: The magistrate judge denied the defendants' motions in all other respects concerning

the late production of the agents' statement. The magistrate judge gave two reasons for his decision. First, he found that the defendants did not suffer prejudice from the late production of documents. He explained that "the court re-opened the hearing as to the agent in question on March 24, 2011, and the court does not find that Defendants have suffered any new prejudice based on the additional statements that were turned over on March 30, 2011." Magistrate judge order (doc. no. 859) at 2. Second, he found that the government did not willfully disobey his orders with respect to producing documents, explaining that, in fact, "counsel suffered from an ignorance as to what constituted Jencks Act material." Id.

## II. STANDARD OF REVIEW

The defendants do not object under a particular statute or procedural rule. However, their objections are best understood as motions for reconsideration

under 28 U.S.C. § 636(b)(1)(A). Under § 636(b)(1)(A), magistrate judges may "hear and determine any pretrial matter pending before the court," with eight enumerated exceptions not relevant here. 28 U.S.C. § 636(b)(1)(A). "A judge of the court may reconsider any pretrial matter ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Id.; see also Fed. R. Civ. P. 72(a) (district judge may modify or set aside magistrate judge's ruling on referred "nondispostive matters" only if "the order ... is clearly erroneous or is contrary to law.")[3]

III. DISCUSSION

In their objections, the defendants charge that the government failed to comply with Federal Rule of Criminal Procedure 26.2, which governs the production

---

3. However, even if the court were considering <u>de novo</u> the matter raised by the defendants in their objections, it would reach the same conclusion.

7

of statements relating to a witness's testimony. Subpart (a) of Rule 26.2 provides that, "After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony." Fed. R. Crim. P. 26.2(a). Subpart (e) of Rule 26.2 sets out sanctions that may arise when a party fails to produce a statement as required under the Rule. It states that, "If the party who called the witness disobeys an order to produce or deliver a statement, the court must strike the witness's testimony from the record." Fed. R. Crim. P. 26.2(e). In general, "Rule 26.2 applies at a suppression hearing." Fed. R. Crim. P. 12(h).

Rule 26.2 was designed to "place in the criminal rules the substance of what is now 18 U.S.C. § 3500 (the Jencks Act)," based on the "notion that provisions which are purely procedural in nature should appear in the Federal Rules of Criminal Procedure rather than in Title 18." Fed. R. Crim. P. 26.2 advisory committee's note (1979); see also United States v. Musick, 291 Fed. Appx. 706, 727 (6th Cir. 2008) ("Since Rule 26.2 was intended to provide a counterpart to the Jencks Act, any cases interpreting a provision of the Jencks Act should be applicable to a similar provision of Rule 26.2.").

Like Rule 26.2(e), the Jencks Act contains a subsection setting out sanctions that may arise when a party fails to produce a statement as required under the Act. 18 U.S.C. § 3500(d). Using language that is substantively similar to Rule 26.2(e), subsection (d) of § 3500 states that, "If the United States elects not to comply with an order ... to deliver to the

defendant any such statement, or such portion thereof as the court may direct, the court shall strike from the record the testimony of the witness, and the trial shall proceed unless the court in its discretion shall determine that the interests of justice require that a mistrial be declared." Id.

The defendants maintain that, because Rule 26.2(e) provides that, "If the party who called the witness disobeys an order to produce or deliver a statement, the court must strike the witness's testimony from the record," Fed. R. Crim. P. 26.2 (emphasis added), this court must strike the testimony of the agents. In addition, while the defendants do not assert that they suffered prejudice, they argue that a finding of prejudice is not necessary under Rule 26.2(e). They finally argue that a finding of willfulness is not required. The court will overrule the defendants' objections to the magistrate judge's order.

First, here the government did produce the required agents' statements, albeit late, and neither Rule 26.2(e) nor the Jencks Act was meant to cover situations, such as this one, where a party does, ultimately, produce required statements. As stated, Rule 26.2(e) applies where a party "<u>disobeys</u> an order to produce or deliver a statement," while § 3500(d) of the Jencks Act applies, "[i]f the United States <u>elects not to comply</u> with an order of the court ... to deliver to the defendant any such statement." Fed. R. Crim. P. 26.2(e) (emphasis added); 18 U.S.C. § 3500(d) (emphasis added); <u>see</u> <u>also</u> <u>United States v. Dupuy</u>, 760 F.2d 1492, 1497 (9th Cir. 1985) (holding that the government's late disclosure of a statement by a government witness did not require reversal under the Jencks Act where the defendants were allowed a second chance to cross-examine the witness); <u>United States v. Heath</u>, 580 F.2d 1011, 1019 (10th Cir. 1978), <u>cert. denied</u>, 439 U.S. 1075 (1979) ("Courts have found that

11

late disclosure caused no prejudice in instances where an opportunity for full cross-examination had been provided and where the trial court found no bad faith on the prosecutor's part."). The defendants have not pointed to any case where a court has struck the testimony of a witness due to a party's late production of required statements. Indeed, courts that have imposed sanctions pursuant to Rule 26.2(e) and § 3500(d) have done so where a party did not produce required statements at all. See, e.g., United States v. Riley, 189 F.3d 802, 806-08 (9th Cir. 1999) (finding that a district court should have struck a government agent's testimony where the agent had intentionally destroyed Jencks Act material); United States v. Ramirez, 174 F.3d 584, 587-90 (5th Cir. 1999) (remanding a case to determine the government's degree of culpability in failing to disclose Jencks Act material to the defendant). Indeed, it would be illogical to read Rule 26 as requiring a sanction so

drastic as striking testimony whenever a statement is produced late, no matter how late and regardless as to whether there was any prejudice. Here, because the government's production of the required statements was merely late, Rule 26.2(e) does not mandate that the agents' testimony be struck.

Second, as a reviewing court, this court finds that, if the magistrate judge did err, the error was harmless because there was no prejudice. See, e.g., United States v. Montgomery, 210 F.3d 446, 451 (5th Cir. 2000) ("Even where a violation of the Jencks Act is found, the failure to produce prior statements is subject to harmless error analysis."); United States v. Beasley, 2 F.3d 1551, 1557 (11th Cir. 1993) ("The harmless error doctrine is applicable to Jencks Act violations, but it must be strictly applied."). As stated, the defendants do not claim prejudice in their objections, and as the magistrate judge explained, "the court re-opened the hearing as to the agent in

question on March 24, 2011, and the court does not find that Defendants have suffered any new prejudice based on the additional statements that were turned over on March 30, 2011." Magistrate judge order at 2 (doc. no. 859).

Third and finally, this court notes that, despite the "must" word in Rule 26.2(e), other courts have found that there is broad discretion as to whether to impose sanctions under Rule 26.2(e) or the Jencks Act for a refusal to comply with a court order to produce a witness's statement. See, e.g., United States v. Taylor, 13 F.3d 986, 990 (6th Cir. 1994) ("When the [Jencks Act] violation occurs through negligence or oversight, the trial court has the discretion to formulate remedies as justice requires under the circumstances of the case."); United States v. Budzyna, 666 F.2d 666, 673 (1st Cir. 1981) ("This court and other circuit courts have held that district courts have significant discretion in applying the

14

exclusion provisions of the Jencks Act."). Because, besides finding no prejudice, the magistrate judge determined that the government did not willfully disobey his orders with respect to producing documents, this reading of Rule 26.2(e) would support the magistrate judge's ruling. However, because this court has already given two other independent reasons for overruling the defendants' objections, it need not rely of this reading of Rule 26.2(e).

For the above reasons, the court finds that the defendants have not "shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

***

Accordingly, it is ORDERED that the objections (doc. nos. 930, 933, 934, 937, 938, 941, 946, 947), filed by defendants Milton E. McGregor, Thomas E. Coker, Robert B. Geddie, Jr., Larry P. Means, James E.

Preuitt, Quinton T. Ross, Jr., Jarrell W. Walker, Jr., and Joseph R. Crosby, are overruled and that the magistrate judge's order (doc. no. 859) is affirmed.

DONE, this the 18th day of May, 2011.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE