IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL ACTION NO. |
| ) | 2:10cr186-MHT |
| MILTON E. McGREGOR, ) | (WO) |
| THOMAS E. COKER, ) | |
| ROBERT B. GEDDIE, JR., ) | |
| LARRY P. MEANS, ) | |
| JAMES E. PREUITT, ) | |
| QUINTON T. ROSS, JR., ) | |
| HARRI ANNE H. SMITH, ) | |
| JARRELL W. WALKER, JR., ) | |
| and JOSEPH R. CROSBY. ) | |

## OPINION AND ORDER

It is ORDERED that the prior order and opinion (Doc. No. 1173) are revoked and that this new order and opinion are substituted in their place. The principal change is with the paragraph that begins with, "Second, ..."

Upon consideration of the United States Magistrate Judge's recommendation (Doc. No. 862) regarding defendants' motions to dismiss counts 1 through 12,

and 14 through 16 charging federal-programs bribery under 18 U.S.C. § 666 (Doc. Nos. 206, 408, 437, 441, 443, 450, 456, 463, 474, and 486), and the objections to the recommendation (Doc. Nos. 917, 920, 928, 934, 935, 936, 942, 943, and 950), filed by defendants Milton E. McGregor, Thomas E. Coker, Robert B. Geddie, Jr., Larry P. Means, James E. Preuitt, Quinton T. Ross, Jr., Harri Anne H. Smith, Jarrell W. Walker, Jr., and Joseph R. Crosby; after an independent and de novo review of the record; and after hearing the parties' positions during an on-the-record oral argument held May 5, 2011, it is the ORDER, JUDGMENT, and DECREE of the court that:

>    (1) The objections (Doc. Nos. 917, 920, 928, 934, 935, 936, 942, 943, and 950), filed by defendants Milton E. McGregor, Thomas E. Coker, Robert B. Geddie, Jr., Larry P. Means, James E. Preuitt, Quinton T. Ross, Jr., Harri

Anne H. Smith, Jarrell W. Walker, Jr., and Joseph R. Crosby, are overruled;

(2) The recommendation of the United States Magistrate Judge (Doc. No. 862) is adopted, albeit with different reasoning in part; and

(3) The motions to dismiss (Doc. Nos. 206, 408, 437, 441, 443, 450, 456, 463, 474, and 486), filed by defendants Milton E. McGregor, Thomas E. Coker, Robert B. Geddie, Jr., Larry P. Means, James E. Preuitt, Quinton T. Ross, Jr., Harri Anne H. Smith, Jarrell W. Walker, Jr., and Joseph R. Crosby, are denied.

***

The court offers these additional comments: First, after the magistrate judge had entered his recommendation and after the defendants had filed objections to the recommendation, the government agreed (though without conceding that the law required) that the "explicit quid pro quo" standard

3

announced by the Supreme Court in <u>McCormick v. United States</u>, 500 U.S. 257 (1991), and further discussed in <u>Evans v. United States</u>, 504 U.S. 255 (1992), would govern any proof at trial of alleged bribes made in the form of campaign contributions. The defendants' argument, as part of their objections, that this standard applies has therefore carried the day as far as this litigation is concerned. While the parties still differ in their interpretations of the <u>McCormick</u> explicit-quid-pro-quo standard and what exactly it requires the government to prove, this issue will be better dealt with when drafting jury instructions.

Second, all the § 666 counts are sufficient to make out explicit-quid-pro-quo charges, regardless as to any reasonable definition of the term employed.

Finally, the defendants now further argue, for the first time, that the § 666 counts are still due to be dismissed because a quid-pro-quo requirement was not announced or explained to the grand jury. The

defendants offer no explanation as to why they could not have argued, as a part of their dismissal motions and to the magistrate judge, that dismissal of the counts is warranted both because the requirement applies to § 666 and because the requirement was not explained to the grand jury. Moreover, because the only matter before the court is the magistrate judge's recommendation and because, as a result of the defendants' failure to make this argument in their dismissal motions, the magistrate judge did not address the argument, the argument is not really before the court at this time. But perhaps most to the point, while the government and some of the defendants have filed briefs on the argument, it is apparent that the briefs were drafted quickly and without a careful and thorough discussion of the issues presented by the argument. The court, therefore, declines to address the argument at this time. If the defendants still wish to pursue the

argument, they should file separate motions with briefs that specifically and thoroughly present it.

DONE, this the 26th day of May, 2011.

                <u>   /s/ Myron H. Thompson   </u>
                **UNITED STATES DISTRICT JUDGE**