IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )
       v.                   )    CRIMINAL ACTION NO.
                            )        2:10cr186-MHT
MILTON E. McGREGOR,         )            (WO)
THOMAS E. COKER,            )
ROBERT B. GEDDIE, JR.,      )
LARRY P. MEANS,             )
JAMES E. PREUITT,           )
QUINTON T. ROSS, JR.,       )
HARRI ANNE H. SMITH,        )
JARRELL W. WALKER, JR.,     )
and JOSEPH R. CROSBY        )
```

<u>COURT'S PRELIMINARY INSTRUCTIONS TO THE JURY</u>

Members of the Jury:

You have now been sworn as the jury to try this case. By your verdicts you will decide the disputed issues of fact. I will decide all questions of law that arise during the trial, and before you retire to deliberate together and decide the case at the end of the trial, I will instruct you on the rules of law

that you must follow and apply in reaching your decision.

Because you will be called upon to decide the facts of the case, you should give careful attention to the testimony and evidence presented for your consideration during the trial, but you should keep an open mind and should not form or state any opinion about the case one way or the other until you have heard <u>all</u> of the evidence <u>and</u> have had the benefit of the closing arguments of the lawyers as well as my instructions to you on the applicable law.

During the trial you must not conduct any independent research about this case, the matters in the case, or the individuals or entities involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out

information from any source outside the confines of this courtroom.  Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors.  After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I hope that for all of you this case is interesting and noteworthy.  I know that many of you use regular phones, cell phones, iPhones, Blackberries, the internet, and other tools of technology.  You must not use these tools to communicate electronically with anyone, including fellow jurors, about the case.  This includes your family and friends.  You may not communicate with anyone, including fellow jurors, about the case on your regular phone, cell phone, iPhone, or Blackberry, through e-mail, text messaging, or on Twitter, through any blog or website, through any internet chat room,

or by way of any other social networking websites, including Facebook, Myspace, LinkedIn, and YouTube.

Finally, you must not permit anyone to attempt to discuss this case with you or in your presence. Indeed, it would be a violation of federal law for anyone to attempt to discuss this case with you or to attempt to influence you in any way in this case. In addition, if anyone should attempt to discuss this case with you or attempt to influence you in this case, you are required by federal law to report such attempt to me immediately, and your failure to report such an attempt immediately to me would be a violation of federal law itself. Insofar as the lawyers are concerned, as well as others whom you may come to recognize as having some connection with the case, you are instructed that, in order to avoid even the appearance of impropriety, you should have no conversation whatever with those persons while you are serving on the jury. This is the one time when you must suspend Southern Hospitality. Therefore, you

4

should not hold it against the lawyers and parties if they fail to say hello or engage in nice greetings, for it is important that no one can even assume that anyone has made any inappropriate contact with you.

You must also avoid reading any newspaper or internet articles that might be published about the case now that the trial has begun, and you must also avoid listening to or observing any broadcast news program on either television, radio, or the internet because of the possibility that some mention might be made of the case during such a broadcast now that the trial is in progress.

The reasons for these cautions, of course, lie in the fact that it will be your duty to decide this case only on the basis of the testimony, evidence, and stipulated facts presented during the trial without consideration of any other matters whatever.

From time to time during the trial I may be called upon to make rulings of law on motions or objections

made by the lawyers.  You should not infer or conclude from any ruling I may make that I have any opinions on the merits of the case favoring one side or the other.  And if I sustain an objection to a question that goes unanswered by the witness, you should not speculate on what answer might have been given, nor should you draw any inferences or conclusions from the question itself.

Also, during the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing concerning questions of law or procedure that require consideration by the court alone.  On some occasions you may be excused from the courtroom as a convenience to you and to us while I discuss such matters with the lawyers.  I will try to limit such interruptions as much as possible, but you should remember at all times the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

Because transcripts of this trial will not be available to you during your deliberations, you are permitted to take notes during the trial if you want to do so, and the courtroom deputy will provide pads and pens or pencils for each of you.  On the other hand, of course, you are <u>not</u> required to take notes if you do not want to.  That will be left up to you, individually.  If you do decide to take notes, be careful not to get so involved in note-taking that you become distracted from the ongoing proceedings. Also, your notes should be used only as aids to your memory; and, whether you take notes or not, you should rely upon your own independent recollection or memory of what the testimony was and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror as to what the testimony was.

Finally, if you should wish to send me a message, please reduce your message to writing and hand it to one of the United States Marshals, who will then bring it to my attention. I will then respond to you either in writing or in person--and, in private, if you want.

Now, we will begin by affording the lawyers for each side an opportunity to make opening statements to you in which they may explain the issues in the case and summarize the facts they expect the evidence will show. After all the testimony and evidence has been presented, the lawyers will then be given another opportunity to address you at the end of the trial and make their summations or final arguments in the case. The statements that the lawyers make now, as well as the arguments they present at the end of the trial, are not to be considered by you <u>either</u> as evidence in the case (which comes only from the witnesses and exhibits) <u>or</u> as your instruction on the law (which will come only from me). Nevertheless, these

statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides.  So I ask that you now give the lawyers your close attention as I recognize them for the purpose of making opening statements.